UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES DRISCOLL SMITH,<br><br>               Plaintiff,<br>   v.<br>AITOR NARVAIZA, et al.,<br><br>               Defendants. | Case No. 3:23-cv-00561-ART-CSD<br><br>ORDER |

**I.   DISCUSSION**

This action began with a pro se civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner who has been allowed to proceed *in forma pauperis*. (*See* ECF No. 4). Plaintiff contends that his constitutional rights were violated while he was housed at Elko County Detention Center as a post-conviction inmate. (*See* ECF No. 11 at 5–6 & n.1 (directing Plaintiff to amend and clarify if he was a pretrial detainee during any of the events of the first amended complaint)). On December 23, 2024, the Court entered a screening order allowing certain specified claims to proceed and dismissing the Eighth Amendment medical-indifference claims about hip, knee, shoulder, and face conditions with leave to amend by January 22, 2025. (*Id.* at 10–11). That deadline expired without an amended complaint or other response by Plaintiff. This action will therefore proceed as stated in the December 23, 2024, screening order.

**II.   CONCLUSION**

It is therefore ordered that this action will proceed on only (1) the Eighth Amendment medical-indifference claim about medical-diet or allergy needs against Parry and (2) the Eighth Amendment medical-indifference claim about urological condition against Melissa Knox.

It is further ordered that the Clerk of Court **will issue** summonses for Defendants Parry and Melissa Knox **and deliver the same** to the U.S. Marshal for service. The Clerk

also **will send** sufficient copies of the first amended complaint (ECF No. 7) and this order to the U.S. Marshal for service on Defendants.

It is further ordered that the Clerk **will send** Plaintiff **2** USM-285 forms. Plaintiff will have **30 days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form.

It is further ordered that within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then he must file a motion identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

It is further ordered that Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion, or other document that he submits for the Court's consideration. If Plaintiff files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. LR IC 4-1(b); Nev. LR 5-1. But if Plaintiff mails the document to the Court, Plaintiff will include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk or fails to include a certificate showing proper service when required.

DATED: February 4, 2025

_____
UNITED STATES MAGISTRATE JUDGE