**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES DRISCOLL SMITH,

Plaintiff

v.

AITOR NARVAIZA, et al.,

Defendants

Case No.: 3:23-cv-00561-ART-CSD

**Order**

Re: ECF No. 24

Plaintiff has filed a second motion for a status check. (ECF No. 24.)

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC) proceeding pro se with this civil rights action regarding harms allegedly suffered while incarcerated in the Elko County Detention Center. The court screened Plaintiff's complaint and allowed him to proceed with medical care claims about his medical diet or allergy against Lieutenant Parry and his urological conditions claim against Melissa Knox. (ECF No. 11.)

The court issued summonses and ordered them to be served by the U.S. Marshals Service (USMS). (ECF Nos. 12, 13.) They were returned executed on April 17, 2025. (ECF Nos. 14, 15.)

Plaintiff then filed his first motion for status check. (ECF No. 19.) The court granted the motion insofar as the court noted neither Defendant had appeared or filed an answer or other responsive pleading. In addition, while the summonses were returned executed, it did not appear service was proper under Federal Rule of Civil Procedure 4. As such, the court required the Clerk to send copies of the summons and amended complaint to the USMS to once again attempt to serve the Defendants by personal service in compliance with Federal Rule of Civil Procedure 4. (ECF No. 20.)

The service returns indicated the Defendants were served on March 25, 2025. (ECF Nos. 22, 23.) There has still been no appearance by the Defendants. On July 28, 2026, Plaintiff filed this motion for status check. (ECF No. 24.)

It appears that the Defendants have still not been properly served pursuant to Federal Rule of Civil Procedure 4 .

Under Federal Rule of Civil Procedure 4(e), an individual may be served by:

> (1) following state law for serving a summons … in the state where the district court is located or where service is made;
>
> (2) doing any of the following:
>
> (A) delivering a copy … to the individual personally;
>
> (B) leaving a copy … at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy … to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Nevada allows for service of an individual by the same methods. Nev. R. Civ. P. 4.2(a)(1).

The service returns indicate that each of the Defendants was served by service on a Jessica Moore (support services lead) at the Elko Sheriff's Department; however, leaving the summons and complaint with an individual at a Defendant's place of employment is not proper service of an individual under Federal or Nevada law.

The court will have the USMS attempt service on the individuals (personal service by delivering the documents to the individual defendants) at the address provided, and if unsuccessful, Plaintiff will be given one final opportunity to furnish another address for each defendant at which to attempt service.

**CONCLUSION**

Plaintiff's motion for a status check (ECF No. 24) is **GRANTED**.

The Clerk shall **issue summonses** for defendants Parry and Knox and **deliver the same,** along with sufficient copies of the amended complaint (ECF No. 7), as well as a copy of this Order, to the USMS for service.

The USMS shall attempt to serve defendants Parry and Knox by personally delivering a copy of the summons and amended complaint to Parry and Knox (and not leaving the summons with another individual at the Defendants' place of employment) at the address previously provided by Plaintiff in the USM-285 forms.

If the service return comes back unexecuted, Plaintiff shall file a motion seeking to attempt service at another address and the court will issue Plaintiff USM-285 forms for such purpose.

Plaintiff has until **November 6, 2026**, to complete service of the summons and complaint on Defendants.

**IT IS SO ORDERED**.

Dated: August 11, 2026

Craig S. Denney
United States Magistrate Judge